UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE NOBLE,

          Petitioner,

v.

THOMAS MACKIE,

          Respondent.

_____/

Case No. 2:17-cv-14180

HON. STEPHEN J. MURPHY, III

**ORDER GRANTING MOTION TO**
**STAY PROCEEDINGS [6] AND ADMINISTRATIVELY CLOSING THE CASE**

Petitioner seeks to stay proceedings and hold his habeas petition in abeyance
while he exhausts state remedies for alleged violations of his rights under the Sixth and
Fourteenth Amendments.[1] For the reasons set forth below, the Court will grant the motion
and administratively close the case.

A federal district court may stay federal habeas petitions containing fully exhausted
claims pending the exhaustion of other claims in state court. *Bowling v. Haeberline*, 246
F. App'x 303, 306 (6th Cir. 2007) (citing *Nowaczyk v. Warden, N.H. State Prison*, 299
F.3d 69 (1st Cir. 2002)). The Court carries a "heavy obligation to exercise jurisdiction"
absent a compelling reason to prefer a dismissal over a stay. *Id*.

The Court grants Noble's motion to hold the petition in abeyance while he returns
to the state courts to exhaust additional claims. Dismissing the petition—even without
prejudice—poses several risks. First, the one-year statute of limitations imposed by the

_____

[1] Petitioner represents that these are new claims that were not alleged in his original
habeas petition. ECF 6, PgID 26.

Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1) may run and preclude the Court's consideration of Noble's claims. Second, were Noble to seek relief on his additional claims after exhaustion in the state courts, he would face "the high hurdle of filing a second habeas petition." *Thomas v. Stoddard*, 89 F. Supp. 3d 937, 943 (E.D. Mich. 2015). Third, proceeding in parallel tracks with the state post-conviction proceedings would waste judicial resources. *Id.* Moreover, the exhaustion of Noble's additional claims in state court will put the Court in a better position to identify the merits of the claims. Finally, staying the case does not prejudice the respondent and ensures that the petitioner is not prejudiced by "simultaneously fight[ing] two proceedings in separate courts." *Id.*

When granting a stay, the Court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The imposition of time limits ensures that the petitioner does not delay in exhausting his state court remedies. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

**WHEREFORE**, it is **ORDERED** that Petitioner's motion to stay proceedings [6] is **GRANTED**. The proceedings are **STAYED** and the Court will hold the habeas petition in abeyance. Petitioner must **FILE** a motion for relief from judgment in state court within ninety days of receipt of the order. He shall **NOTIFY** the Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court of his state court filing, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition. After Petitioner fully exhausts his new claims, he shall **FILE** an amended petition that includes the new claims and a motion to

lift the stay within ninety days after the conclusion of his state court post-conviction proceedings. Failure to file will result in the Court lifting the stay and adjudicating the merits of the claims raised in Petitioner's original habeas petition.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY CLOSE** the case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.

**IT IS FURTHER ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 1, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 1, 2018, by electronic and/or ordinary mail.

s/ David Parker
Case Manager