UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE NOBLE,

             Petitioner,

Case No. 2:17-cr-14180

HONORABLE STEPHEN J. MURPHY, III

v.

THOMAS MACKIE,

             Respondent.

_____/

### ORDER GRANTING PETITIONER'S MOTION TO LIFT THE STAY [12], DIRECTING RESPONDENT TO FILE A RESPONSIVE PLEADING, AND GRANTING PETITIONER'S MOTION TO EXPAND THE RECORD [14]

Petitioner Andre Noble, a state prisoner at the Oaks Correctional Facility in Manistee, Michigan, petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2254. ECF 1. Noble's imprisonment stems from convictions for criminal sexual conduct. In his petition, he asserted that (1) the trial court improperly admitted "other acts" evidence at his trial, (2) the trial court abused its discretion by denying his motion for a mistrial after a witness testified contrary to a pretrial order, and (3) the state court deprived him of due process by failing to inform him at his arraignment that the minimum sentence for his offense was life imprisonment without the possibility of parole. *Id.* at 5–7.

Before Respondent could file an answer to the petition, Noble moved to stay the proceedings and hold his petition in abeyance while he exhausted state remedies for certain claims that he did not present in his habeas petition. ECF 6. The Court

granted Noble's motion and administratively closed this case. ECF 7. The Court also ordered Noble to file an amended petition and a motion to lift the stay within ninety days of concluding state post-conviction proceedings for his new claims. *Id.*

On April 27, 2018, Noble informed the Court by letter that he mailed a motion for relief from judgment to the state trial court on April 23, 2018. ECF 8. The state court denied Noble's post-conviction motion, and the Michigan Court of Appeals denied leave to appeal because Noble had failed to establish that the trial court erred in denying his motion for relief from judgment. *See People v. Noble*, No. 347016 (Mich. Ct. App. Apr. 23, 2019). On October 29, 2019, the Michigan Supreme Court denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Noble*, 504 Mich. 997 (2019).

On January 10, 2020, Noble moved to reopen the case and filed an amended habeas petition. ECF 12, 13. Noble alleged that he has exhausted state remedies for the new claims, which he raised during post-conviction proceedings in state court. ECF 12. He also fully complied with the Court's order staying the case. The Court will therefore grant his motion to reopen the case and deem his amended petition filed and merged with his initial habeas petition.

Noble also filed a motion to expand the record. ECF 14. Noble sought permission to submit school attendance records for the alleged victims and copies of some bus schedules. *Id.* Noble contended that the school records and bus schedules will prove that, at the time of the alleged sexual assaults, the alleged victims were in

2

school and he was working. *Id.* The Court will grant Noble's motion to expand the record. But when ruling on the merits of Noble's habeas claims in a future opinion and order, the Court's "review under § 2254(d)(1) [will be] limited to the record that was before the state court that adjudicated the claim[s] on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

**WHEREFORE**, it is hereby **ORDERED** that Noble's motion to lift the stay [12] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **REINSTATE** this case on the Court's active docket and **AMEND** the caption for this case to show that the proper respondent is now S.L. Burt, Noble's current warden at the Muskegon Correctional Facility.

**IT IS FURTHER ORDERED** that Noble's amended petition [13] is deemed **FILED** and **MERGED** with his initial habeas petition [1].

**IT IS FURTHER ORDERED** that Respondent shall **FILE** a response to the initial and amended petitions, as well as the relevant state-court records, within **six months** of the date of this order.

**IT IS FURTHER ORDERED** that Noble shall **FILE** a reply within **45 days** from the filing of the responsive pleading.

**IT IS FURTHER ORDERED** that Noble's motion to expand the record [14] is **GRANTED.**

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 6, 2020


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 6, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

4