UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE NOBLE,

                Petitioner,

v.

S.L. BURT,

                Respondent.
                                      /

Case No. 2:17-cv-14180

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS [13], DECLINING
TO ISSUE CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner Andre Noble is an inmate at the Muskegon Correctional Facility. ECF 13, PgID 57. He filed a pro se habeas petition under 28 U.S.C. § 2241. *Id.* Petitioner challenged his conviction for two counts of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b(1)(a); two counts of second-degree criminal sexual conduct, Mich. Comp. Laws § 750.520c(1)(a); three counts of third-degree criminal sexual conduct, Mich. Comp. Laws § 750.520d(1)(a); and three counts of fourth-degree criminal sexual conduct, Mich. Comp. Laws § 750.520e(1)(a). *Id.* For the reasons below, the Court will deny the habeas petition.[1]

---

[1] The Court need not hold a hearing because Petitioner is proceeding pro se and is incarcerated. E.D. Mich. L.R. 7.1(f)(1).

1

## BACKGROUND

Because the Michigan Court of Appeals' recitation of the facts is "presumed correct on habeas review," the Court will use that court's opinion for background. *Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009).

Petitioner was a friend of the victims' uncle. *People v. Noble*, No. 325637, 2016 WL 1533558, at *1 (Mich. Ct. App. Apr. 14, 2016). Petitioner visited the victims' house almost every day and sometimes picked the victims up from school. *Id.* Petitioner repeatedly sexually touched one of the victims when the child was only thirteen. *Id.* Petitioner did the same to the other victim, who was only nine. *Id.* After each criminal sexual interaction, Petitioner would offer the victims "toys, money, or candy, and ask the victim not to tell anyone." *Id.* "Before trial, the prosecution moved to admit evidence that [Petitioner] had behaved inappropriately with other children." *Id.* Because the trial court admitted the evidence, "two other witnesses testified at trial that [Petitioner] had sexually abused them as children." *Id.*

A jury of Petitioner's peers convicted him. ECF 17-13, PgID 767–68. The Michigan Court of Appeals upheld his conviction, and the Michigan Supreme Court affirmed. *Id., leave denied*, 500 Mich. 882 (2016). Petitioner then petitioned for a writ of habeas corpus. ECF 1. But the Court held his petition in abeyance while he exhausted additional claims in State court. ECF 7. In State court, Petitioner filed a post-conviction motion for relief from judgment under Michigan Court Rules §§ 6.500–6.509, but the court denied his motion. *See People v. Noble,* No. 14-4370-01 (Wayne Cty. Cir. Ct., July 17, 2018). The Michigan Court of Appeals denied Petitioner

2

leave to appeal that denial. *See People v. Noble,* No. 347016 (Mich. Ct. App. Apr. 23, 2019). And the Michigan Supreme Court denied leave to appeal in a standard form order. *See People v. Noble*, 504 Mich. 997 (2019).

Petitioner then moved to lift the stay of abeyance. ECF 12. The Court granted the motion and permitted Petitioner to amend his petition. ECF 15. Petitioner's amended petition, ECF 13, sought habeas relief on seven grounds: (1) the trial court improperly admitted other acts evidence because its prejudicial effect substantially outweighed its probative value; (2) the trial court abused its discretion by denying his motion for a mistrial after a witness testified contrary to a pretrial order; (3) the trial court deprived him of due process and imposed a cruel and unusual punishment on him because the court did not inform him at arraignment of the minimum sentence for his offense; (4) the trial court erred when the court found that Petitioner had not received ineffective assistance of counsel; (5) the trial court abused its discretion when it did not appoint new counsel to Petitioner; (6) the trial court erred when the court found that Petitioner had not received ineffective assistance of appellate counsel; and (7) the trial court erred when it denied Petitioner's request to expand the record. ECF 13, PgID 59–66.

## LEGAL STANDARD

The Court may grant a State prisoner habeas relief only if his claims were adjudicated on the merits and the State court's adjudication was "contrary to" or resulted in an "unreasonable application of" clearly established law. 28 U.S.C. § 2254(d)(1). "A [S]tate court's decision is contrary to . . . clearly established law if

3

it applies a rule that contradicts the governing law set forth in [Supreme Court cases] or if it confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [that] precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (cleaned up) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)).

A State court does not unreasonably apply Supreme Court precedent when its application of precedent is merely "incorrect or erroneous," but when its application of precedent is "objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21 (2003). "A [S]tate court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the [S]tate court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quotation omitted). A State court need not cite Supreme Court cases "so long as neither the reasoning nor the result of the [S]tate-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002). Decisions by "lower federal courts may be instructive in assessing the reasonableness of a [S]tate court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (cleaned up).

## DISCUSSION

The Court will address Petitioner's first, second, and third claims in order. The Court will then examine claims four, five, six, and seven together. Last, the Court will deny Petitioner a writ of habeas corpus, a certificate of appealability, and leave to appeal in forma pauperis.

4

I.      Claim One: Prior Bad Acts Evidence

Petitioner claimed the trial court improperly admitted twenty-year-old evidence that he sexually assaulted other minors because the Michigan Rules of Evidence excluded it and the evidence was more prejudicial than probative. But because the trial court properly admitted the evidence, the Court will deny Petitioner habeas relief as to claim one.

The trial court admitted testimony from Petitioner's victims under Michigan Compiled Laws Section 768.27a. Under Section 768.27a, if "the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant." A "listed offense" is defined as any offense that comes within the purview of the offenses covered under section two of the Sex Offenders Registration Act. *See* Mich. Comp. Laws § 28.722.[1] But it is "not the province of a federal habeas court to reexamine [S]tate-court determinations on [S]tate-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "[E]rrors in application of [S]tate law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citation omitted). On habeas review the Court must decide only whether a State-court conviction "violated the Constitution, laws, or treaties of the United States." *Id.* at 68.

---

[1] Petitioner did not claim that the evidence of prior offenses admitted against him were not "listed offenses" within the meaning of Section 768.27a.

5

The trial court's decision to admit the evidence does not implicate the Constitution or any other federal law or ruling. *See Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003). Petitioner's claim that the trial court violated Michigan Rule of Evidence 404(b) or any other provision of State law is thus not cognizable on habeas review. *See Bey,* 500 F.3d at 519. Accordingly, the Court will deny Petitioner habeas relief on that ground. *See Wright v. Van Patten,* 552 U.S. 120, 126 (2008).

Petitioner also contended the court should have excluded the prior-assault evidence under Michigan Rule of Evidence 403 because it was more prejudicial than probative. But appraisal of the probative and prejudicial value of evidence is in the sound discretion of State trial court judges. *Clark v. O'Dea,* 257 F.3d 498, 503 (6th Cir. 2001). A federal court will not overturn a State court's reasonable determination that evidence is more probative than prejudicial. *See id.* Moreover, "the trial court expressly considered the temporal distance of the other acts . . . [but] concluded that the probative value of the evidence, which involved very similar acts, was not outweighed by its prejudicial effect." *Noble,* 2016 WL 1533558, at *3 (citation omitted). The trial court's decision "fell within the range of principled outcomes." *Id.*

Because the State court's probative-versus-prejudicial finding was reasonable, the Court will deny Petitioner habeas relief. *See Clark,* 257 F.3d at 503.

II. <u>Claim Two: Denial of Motion for Mistrial</u>

The Court will deny Petitioner's second claim that the trial judge should have declared a mistrial when a witness testified to a prior threat made by petitioner even though the judge's pretrial order excluded the evidence. ECF 13, PgID 60–61.

6

"[B]efore trial, the court ruled that threats [Petitioner] made against his former neighbor would not be admissible." *Noble*, 2016 WL 1533558, at *3. But "in response to the prosecution's general question about what happened, the witness testified [that] . . . [Petitioner] said if [they] didn't be quiet he was going to hurt [them]." *Id.* "The trial court . . . [then] indicated that it would . . . issue a curative instruction at counsel's request. Defense counsel did not request the curative instruction." *Id.* And the Michigan Court of Appeals held that "the trial court's decision fell within the range of principled outcomes. The improper testimony was an unsolicited response to the prosecution's general question and there is no indication that a curative instruction would not have cured the prejudice from the brief reference." *Id.*

A trial court may deny a motion for mistrial in the absence of a "manifest necessity." *See Walls v. Konteh,* 490 F.3d 432, 436 (6th Cir. 2007). The Michigan Court of Appeals affirmed the trial court's decision to deny a mistrial and ruled that the witness's answer was non-responsive to the prosecutor's question. *See Noble*, 2016 WL 1533558, at *3. Because the witness's brief remark was unsolicited by the prosecutor and the trial court instructed Petitioner that he could cure any harm the testimony might have caused, the decision to not declare a mistrial did not deprive Petitioner of a fair trial. Plus, the conclusion that Petitioner is not entitled to habeas relief on his claim is strengthened by the fact that the witness's testimony "was only a small part of the evidence" against Petitioner. *United States v. Martinez,* 430 F.3d 317, 337 (6th Cir. 2005). The Court will thus deny Petitioner relief on his second claim.

7

III.    Claim Three: Sentencing

The Court will deny Petitioner relief on his sentencing claims because the trial court did not violate his constitutional rights. Petitioner challenged his sentence in two ways. First, he argued he was deprived of due process because the judge failed to advise him at arraignment that he faced a life sentence without parole. Second, he argued that his punishment was cruel and unusual. The Court will address each argument in turn.

    A.    *Due Process*

Michigan law mandates a sentence of life imprisonment without parole for first-degree criminal sexual conduct convictions involving a minor if the defendant was previously convicted of specific sex crimes against children. Mich. Comp. Laws § 750.520b(2)(c). "[F]ailure to arraign a defendant in open court after an information is filed against him . . . is not a deprivation of due process absent a showing of any resulting prejudice." *Chenault v. Campbell*, No. 5:15-CV-12686, 2017 WL 5971679, at *7 (E.D. Mich. Dec. 1, 2017) (citing *Tapia v. Tansy,* 926 F.2d 1554, 1558 (10th Cir. 1991)). Moreover, "[f]ormal arraignment is not constitutionally required if it is shown that the defendant knew what he or she was being accused of and is able to defend himself or herself adequately." *Id.* (citing *Dell v. State of La.,* 468 F.2d 324, 325 (5th Cir. 1972)).

The trial court informed Petitioner at arraignment that he faced a maximum sentence of life imprisonment but did not inform him that he faced an automatic sentence of life without parole. *Noble*, 2016 WL 1533558, at *4. But when the parties

8

discussed a plea bargain, the prosecutor informed Petitioner that he faced a mandatory, nonparolable life sentence. *Id.* Because Petitioner knew that he faced an automatic nonparolable life sentence at the pretrial hearing, no prejudice resulted from the judge's failure to advise him of the penalty. *See Campbell*, 2017 WL 5971679, at *7. The Court will thus deny Petitioner relief on the claim.

### B. *Cruel and Unusual Punishment*

The Court will also deny Petitioner relief on his claim that his sentence amounted to cruel and unusual punishment. A habeas petitioner may obtain relief under the Eighth Amendment if a State court acted contrary to or unreasonably applied clearly established Supreme Court precedent. *Lockyer v. Andrade,* 538 U.S. 63, 71–72 (2003). Precedents that describe what is cruel and unusual "have not been a model of clarity." *Id.* But "the only relevant clearly established law amenable to the 'contrary to' or 'unreasonable application of' framework is the gross disproportionality principle, the precise contours of which are unclear, [and] applicable only in the exceedingly rare and extreme case." *Id.* (quotation omitted)

The Eighth Amendment does not require strict proportionality between the crime and sentence. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991) (plurality). But it does forbid "extreme disparity between crime and sentence." *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quotation omitted). Moreover, a sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000). At bottom, if the sentence remains within the statutory limits, trial courts have

9

discretion to determine "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245 (1949).

Petitioner's sentence was the maximum sentence set by State law. *Noble*, 2016 WL 1533558, at *4. And "[a]s long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining the type and extent of punishment for convicted defendants." *Austin,* 213 F.3d at 301 (quotation omitted). Because "the vagueness of the gross-disproportionality principle and the admonition that the principle is applicable only in the 'exceedingly rare' and 'extreme' case," the State court did not unreasonably apply clearly established law when it rejected Petitioner's proportionality claim. *See Smith v. Howerton*, 509 F. App'x 476, 484 (6th Cir. 2012) (internal quotation marks omitted) (quoting *Harmelin*, 501 U.S. at 965).

Moreover, Petitioner's mandatory life sentence was not disproportionate to the offense or to the offender. The trial court convicted Petitioner of sexually abusing minor children. ECF 17-13, PgID 767–68. And he had a prior conviction for sexually assaulting minors. ECF 17-14, PgID 790. Imposition of a mandatory life sentence for a repeat sex offender does not violate the Eighth Amendment. *See United States v. Kniffley*, 729 F. App'x 406, 412 (6th Cir. 2018). That Michigan's first-degree criminal sexual conduct statute calls for a mandatory non-parolable life sentence for a repeat offender does not alter the Court's analysis of petitioner's claim. Mandatory prison sentences are not necessarily cruel and unusual. *See United States v. Brown*, 443 F.

10

App'x 956, 960 (6th Cir. 2011). The Court will thus deny Petitioner habeas relief as to claim three because his sentence was not grossly disproportionate to his crime.

IV.     Claim Four, Five, Six, and Seven

The Court will deny Petitioner habeas relief on his fourth, fifth, sixth, and seventh claims because he raised them for the first time in his post-conviction motion and failed to show cause and prejudice for failing to raise the claims in his appeal of right as required by Michigan Court Rule 6.508(D)(3).

When a State court has rejected a petitioner's claim and relied on a valid State procedural bar, federal habeas review is barred unless the petitioner can show either: (1) cause for the default and actual prejudice; or (2) failure to consider the claim will result in a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750–51 (1991). If the petitioner fails to show cause for his procedural default, the court need not reach the prejudice issue. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). "However, in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 479–80 (1986).

The Michigan Supreme Court rejected Petitioner's post-conviction appeal because "[Petitioner] failed to meet the burden of establishing entitlement to relief under [Michigan Court Rule] 6.508(D)." *Noble,* 504 Mich. at 997. The Michigan Court of Appeals denied Petitioner's appeal "because the defendant failed to establish that the trial court erred in denying the motion for relief from judgment." ECF 17-18, PgID

11

967. But the orders did not mention petitioner's failure to raise his claims on his direct appeal as their rationale, so they are unexplained. *See Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010). The Court must therefore "look to the last reasoned [S]tate court opinion to determine the basis for the [S]tate court's rejection" of Petitioner's claims. *Id.*

The trial court rejected Petitioner's post-conviction claims and ruled that Petitioner failed to show cause and prejudice. ECF 17-17, PgID 905. The court denied Petitioner's post-conviction relief based on procedural grounds. *Id; see* Michigan Court Rule 6.508(D)(3); *Ivory v. Jackson,* 509 F.3d 284, 292-93 (6th Cir. 2007). And when the last State court opinion rested on procedural default as an alternative ground, the federal court "need not reach the merits." *McBee v. Abramajtys*, 929 F.2d 264, 267 (6th Cir. 1991).

Petitioner argued that the Court should excuse his procedural default because he received ineffective assistance of appellate counsel. ECF 13, PgID 64–66. But Petitioner has not shown that his appellate counsel was ineffective. A criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). Indeed, "a brief that raises every colorable issue runs the risk of burying good arguments." *Id.* at 463 U.S. at 753 (citations omitted). And strategic choices about the issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). At bottom, effective appellate advocacy is the "process of winnowing out weaker arguments on appeal and focusing

12

on those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quotation omitted). "[O]nly when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002).

Put simply, Petitioner failed to show that appellate counsel's performance fell outside the wide range of competent assistance. Appellate counsel raised three claims.[2] Petitioner did not explain why counsel's strategy was deficient or unreasonable. *See* ECF 13. What is more, none of the claims available to Petitioner were clearly strong. *See id.* Because the defaulted claims are not clearly stronger than the three presented claims, Petitioner failed to prove ineffective assistance of appellate counsel. Petitioner is therefore unable to establish cause for his procedural default of failing to raise the claims on direct review. *See McMeans v. Brigano,* 228 F.3d 674, 682-83 (6th Cir. 2000). Petitioner is thus not entitled to habeas relief.

Last, Petitioner did not establish that a fundamental miscarriage of justice had occurred. "Where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986) (cleaned up). Petitioner presented his work records as an alibi. ECF 18, PgID 1174–76. But the victims did not specify a particular date or time for when the sexual assaults occurred. *See* ECF 17-15, PgID 818–810. The victims instead

---

[2] The three claims were essentially the same as the claims Petitioner raised in his present petition. *See* ECF 17-15, PgID 810–40.

13

testified that the assaults took place during a several-month time frame. *Id.* There was an ample window of opportunity for petitioner to have committed the sexual assaults. Petitioner's work-records evidence does not, therefore, establish his actual innocence. Because Petitioner has presented no new reliable evidence that he is innocent of the crimes underlying his convictions, it is not a miscarriage of justice for the Court to decline to review his procedurally defaulted claims. The Court will accordingly deny all four of Petitioner's procedurally defaulted claims.

## A CERTIFICATE OF APPEALABILITY

In sum, the Court will deny the habeas petition as to all seven of Petitioner's claims. To appeal the Court's decision, Petitioner must obtain a certificate of appealability. To obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner must show "that reasonable jurists could debate whether" the Court should have resolved the § 2254 petition "in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks and quotation omitted). Jurists of reason would not debate the Court's denial of the petition. The Court will thus deny a certificate of appealability.

Last, the Court will deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a); 28 U.S.C. § 1915(a)(3).

## CONCLUSION

**WHEREFORE,** it is hereby **ORDERED** that the habeas petition [13] is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 18, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 18, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager